Per Curiam.

Plaintiff (McMullen Leavens Co., Incorporated) has rescinded a contract for the purchase of merchandise, returned the goods to the seller (L. I. Van Buskirk Co.), and now sues the seller’s factor (Mill Factors Corporation) to recover the purchase price. The purchase price was paid directly to the factor, which had taken an assignment from the seller of the account receivable arising from the sale and delivery of these goods, in order to reimburse or secure itself for moneys which had been loaned to the seller. The seller and the factor have been joined as parties defendant, but the summons and complaint have been served upon the factor only. Both the plaintiff and the factor have moved for summary judgment under rule 113. Both motions have been denied on the ground that triable issues are involved, and both of said parties have appealed. In Matter of Kaufman (Iselin & Co.) (272 App. Div. 578) a factor was held not to be bound by the obligations of a contract of sale between the seller and purchaser, at least where the factor is not taking affirmative steps to enforce the contract as assignee. Although it is true in that case that the purchaser had elected to affirm the sale and recover damages for breach of warranty, we find no difference in principle between that situation and the present where the purchaser elected to rescind. The merchandise which was the subject of the sale has been properly returned to the seller, not to the factor, and it is the seller which is obligated to refund the purchase money to the buyer if the latter’s contentions are well founded. The factor was merely the assignee of an invoice and of the merchandise covered thereby for the purpose of securing or repaying a loan. Any remedy on the part of the purchaser is exclusively against the seller.
The order denying the motion for summary judgment of the plaintiff McMullen Leavens Co., Incorporated, should be affirmed, but the order denying the motion of the defendant Mill Factors Corporation for summary judgment dismissing the complaint should be reversed and said motion granted, with costs of the appeal and of the action.
Peck, P. J., Glennon, Callahan, Van Voorhis and Shientag, JJ., concur.
Order denying the motion of the plaintiff for summary judgment unanimously affirmed, but the order denying the motion of the defendant Mill Factors Corporation for summary judgment dismissing the complaint, unanimously reversed and the motion granted, with costs of the appeal and of the action. [See post, p. 822.]